NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA for the use and benefit of JACKSON GEOTHERMAL HVAC & DRILLING, LLC,** | Civil Action No. 14-7871 (FLW) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| **WESTERN SURETY COMPANY,** | |
| Defendant. | |

**BONGIOVANNI, Magistrate Judge**

Pending before the Court is proposed Intervenor/Defendant Ranco Construction, Inc.'s ("Ranco") motion to intervene through which Ranco seeks to become a defendant in this matter and file a Third-Party Complaint asserting claims against B&S Sheet Metal, Inc. ("B&S"). [Docket Entry No. 11]. Defendant Western Surety Company ("Western") consents to Ranco's proposed intervention. Plaintiff Jackson Geothermal HVAC & Drilling, LLC ("Jackson") opposes Ranco's motion. B&S does as well. The Court has fully reviewed and considered all arguments made in support of and in opposition to Ranco's motion. The Court has considered Ranco's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Ranco's motion is GRANTED.

I. **Factual & Procedural Background**

This case arises out of work performed in relation to a governmental construction project at the Joint Military Base: McGuire-Dix-Lakehurst ("McGuire-Dix"). Specifically, the United States of America engaged Ranco to be the general contractor on a project to construct a 120

person dormitory at McGuire-Dix (the "Project"). [Docket Entry No. 1; *Pl. Cmplt* ¶ 8]. Given the scope of the Project, Ranco was required under the Miller Act, 40 U.S.C. § 3131, *et seq.*, to post a bond for payment. Ranco obtained the payment bond from Western. [*Id.* ¶ 9].

On or about June 2012, Ranco entered into a subcontractor agreement with B&S to provide HVAC, geothermal services, plumbing and sprinklers on the Project. [*Id.* ¶ 10]. In turn, on or about August 2012, B&S entered into a subcontractor agreement with Jackson to provide certain geothermal services on the Project. [*Id.* ¶ 11].

Jackson alleges that it began work on the Project in August 2012 and completed its work on the Project on December 18, 2013. [*Id.* ¶¶ 12-13]. Jackson further alleges that its work on the Project was accepted with a final invoice related to same being submitted thereafter. [*Id.* ¶ 13].

Jackson claims that by correspondence dated March 14, 2014, it put Ranco on notice that there remained a balance of $300,105.66 due and owing for the geothermal services it performed and equipment/materials it provided on the Project. [*Id.* ¶ 14]. Ranco did not make payment on said balance upon receiving notice of same, nor has it done so since. [*Id.* ¶ 18].

Western has acknowledged receipt of notice of the claim made by Jackson regarding the Project. Jackson contends that it has satisfied all conditions precedent to obtain recovery under the payment bond obtained by Ranco from Western. [*Id.* ¶ 17]. As a result, Jackson filed the instant litigation against Western seeking a judgment in the amount of $300,105.66, together with interest and attorney fees and costs, under the Miller Act.

Ranco now seeks to intervene in Jackson's suit against Western as a party defendant. Ranco seeks to assert additional affirmative defenses against Jackson then those raised by

Western, and to assert a Counterclaim for negligence. Ranco also requests permission to file a Third-Party Complaint against B&S for negligence and breach of contract. Ranco argues that it has a right to intervene in this matter pursuant to FED.R.CIV.P. ("Rule") 24(a), but that should the Court find otherwise, it should be permitted to intervene pursuant to Rule 24(b).

## II. Analysis

### A. Intervention of Right

Rule 24(a) governs requests made to intervene as of right in federal litigation. According to Rule 24(a):

> On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Here, Ranco seeks to intervene as of right pursuant to Rule 24(a)(2). The Third Circuit has held that intervention under Rule 24(a)(2) is only appropriate if:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). Each requirement must be met in order for an applicant to intervene as of right. *Id.*

In its opposition to Ranco's motion, Jackson essentially concedes that Ranco has met the first three factors, focusing its opposition solely on Ranco's alleged failure to establish that its interest is not adequately represented by Western in this litigation. The Court agrees with Jackson's tacit acknowledgement and finds that:

(1) Ranco's motion, which comes less than 9 months after Jackson's Complaint was filed, less than 4 months after Western filed its Answer and just 2 months after the Court conducted the Initial Pretrial Conference, is timely;

(2) Ranco, the principal of the payment bond, clearly has a sufficient interest in this litigation because if a judgment is entered against Western, Western will likely seek indemnification from Ranco under the terms of their surety agreement (*see* U.S. *ex rel. Frank M. Sheesley Co. v. St. Paul Fire and Marine Ins. Co.*, 239 F.R.D. 404, 412 (M.D. Pa. 2006) (citing *Mountain Top Condo*, 72 F.3d at 366) (holding that bonds issued by sureties is the kind of specific fund that can ground legitimate interests for purposes of Rule 24(a)(2), especially where agreements exists under which the principal on bond may be responsible for indemnifying sureties)); and

(3) Ranco's interest in the litigation may, as a practical matter, be impaired by the disposition of Jackson's claim against Western because if Ranco is not allowed to intervene, it could nonetheless be forced to indemnify Western for the debt claimed by Jackson without having the opportunity to legally dispute its liability (*Harris*, 820 F.2d at 601 (finding that legal interest is

4

impaired when in assessing "the practical consequences of the litigation" there is "a tangible threat" to proposed intervenor's legal interest)).

Thus, the only question that remains is whether Ranco's interests are adequately represented by Western. "The burden of establishing inadequacy of representation by existing parties varies with each case." *Kleissler v. United States Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998). The burden rests with "the applicant for intervention" who must "show that his interests are not adequately represented by the existing parties." *Brody v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992) (quoting *Hoots v. Pennsylvania*, 672 F.2d 1133, 1135 (3d cir. 1982) (internal quotation marks omitted)). However, the Supreme Court has stated that, "[t]he requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed. 2d 686 (1972) (citation omitted). Nevertheless, where the applicant and the existing party have the same ultimate objective, intervention as of right may not be appropriate as a presumption arises that the applicant's interests are adequately represented. *In re Cmty. Bank of N. Va. Guar. Nat'l Bank of Tallahassee Second Mortgage Loan Litig.*, 418 F.3d 277, 315 (3d Cir. 2005) (citing *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)). "To overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit." *Id*.

The Third Circuit has stated that:

> The most important factor in determining adequacy of representation is how the interest of the absentee compares with the interest of the present parties. If the interest of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented. If his interest is identical to that of one of the present parties, or if there is a party charged by law with representing his interest, then a compelling showing should be required to demonstrate why this representation is not adequate.

*Mountain Top Condo*, 72 F.3d at 368-69 (quoting Wright & Miller, § 1909 at 318-19). The Court therefore focuses its inquiry on whether Western's interests diverge from those of Ranco.

Here, both Western and Ranco have the same ultimate objective: they both seek to avoid liability on the payment bond. They are also represented by the same counsel, which does engender a certain degree of "skepticism that the interest of one will somehow be marginalized in favor of the other." *U.S. ex rel. Frank M. Sheesley Co.*, 239 F.R.D. at 413. Further, Western and Ranco's defense against Jackson's claim is also strikingly similar with Ranco asserting essentially every affirmative defense raised by Western.[1] (*Compare* Western's Answer and Affirmative Defenses, Docket Entry No. 7 *with* Ranco's Proposed Answer, Counterclaim and Third-Party Cmplt., Docket Entry No. 11-3).

Nevertheless, Ranco does seek to assert 5 affirmative defenses, and a Counterclaim for negligence against Jackson that Western did not raise. Under the "minimal" burden established by the Supreme Court, this would appear to establish that Ranco's interests may be inadequately represented by Western in this litigation, thereby making intervention as of right appropriate.

---

[1] All of Western's affirmative defenses are alleged by Ranco in its proposed Answer; though Ranco's proposed Twelfth Affirmative Defense, which corresponds to Western's Thirteenth Affirmative Defense, refers to "Plaintiff" not being the intended beneficiary under the terms of the payment bond, instead of "the defendant" (presumably because Western's reference to "the defendant" represents a typographical error; much like Ranco's proposed

The Court, however, need not conclusively decide the issue because even if Western was found to adequately represent Ranco's interests and even if intervention as of right would not be warranted under Rule 24(a)(2), as explained below, the Court finds that permissive intervention is appropriate under Rule 24(b).

### B. Permissive Intervention

Permissive intervention is governed by Rule 24(b). According to Rule 24(b)(1)(B), "[o]n timely motion, the court may permit anyone to intervene who: has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(3) further advises that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Here, there is no doubt that Ranco's proposed defenses and claims share common questions of both law and fact with Jackson's suit against Western: did Jackson complete its work on the Project to the satisfaction of its subcontract agreement with B&S, is Jackson still owed money according to that agreement, etc. Therefore, the only question for the Court is whether Ranco's intervention in this matter will unduly delay or prejudice the adjudication of Jackson's rights.

In opposing permissive intervention, Jackson relies almost exclusively on *Union Switch & Signal, Inc. v. St. Paul Fire and Marine Ins. Co.,* 226 F.R.D. 485 (S.D.N.Y. 2005) in arguing that it would be unfair and prejudicial to Jackson if Ranco is allowed to intervene in this matter. *Union Switch & Signal* is an out of district case in which a "sub-subcontractor brought statutory claims against [a] surety under a surety bond for unpaid invoices for construction work performed at the PATH station damaged by the September 11, 2001, terrorist attacks" and a

---

Fifteenth Affirmative Defense and Western's Fourteenth Affirmative Defense also appear to contain typos).

"general contractor sought to intervene as of right and permissively under Fed.R.Civ.P. 24 in the action to assert its affirmative claims against the subcontractor." (Jackson's Opp. Br. at 4 (citing *Union Switch & Signal*, 226 F.R.D. at 486)). While Jackson argues that "[t]he similarity between Union Switch & Signal, Inc. and the instant matter is non-discernable[,]" the Court disagrees.

Obviously, there are some prevalent factual similarities between the instant litigation and *Union Switch & Signal*: both involve Miller Act claims asserted by sub-subcontractors for work performed for which they were allegedly not fully paid. There are, however also significant differences. The court in *Union Switch & Signal* denied the request for permissive intervention finding that:

> Permitting the Joint Venture to intervene would result in highly complex litigation if Daidone acts as would be expected and asserts a panoply of third-party counterclaims against the Joint Venture and potentially other parties, including U.S. & S., related to the PATH reconstruction effort. Where the dispute now centers around U.S. & S.'s performance of a single subcontract, post-intervention litigation may require far more extensive discovery and require a lengthier trial to adjudicate not only U.S. & S.'s relatively simple contract claim, but also Daidone's potential RICO counterclaims and assorted other counterclaims and cross-claims.
>
> *Union Switch & Signal,* 226 F.R.D. at 492.

The same simply is not true here. While Ranco, if permitted to intervene, does seek to assert two third-party claims against B&S (one for negligence and the second for breach of contract), there is no expectation that B&S will allege numerous counterclaims against Ranco, nor is there any expectation that B&S will allege complicated RICO counterclaims against

8

Ranco.  There is an expectation that B&S will move to dismiss any claims asserted by Ranco against it.  (*See* Cert. of William Jackson ¶ 4; Docket Entry No. 13-1).

Under these circumstances, the Court finds no reason to believe that permitting Ranco to intervene in this matter will unduly delay these proceedings or unfairly prejudice the adjudication of Jackson's rights.  While Ranco could pursue its state law claims against B&S and Jackson in state court, "notions of judicial economy suggest aggregating them in a single proceeding […] rather than have different tribunals examine these issues at different times."  *U.S. ex. Rel. Frank M. Sheesley Co.*, 239 F.R.D. at 415.  Indeed, as the Third Circuit has noted, the court's policy preference, *i.e.,* "judicial economy, favors intervention over subsequent collateral attacks."  *Brody*, 957 F.2d at 1123.  As a result, the Court finds that intervention will protect all of the parties from having to revisit the main issues being litigated here in separate proceedings.  Thus, the Court shall permit Ranco to intervene in this matter.

    C.    **Third-Party Complaint**

In its motion to intervene, Ranco also seeks permission to file a Third-Party Complaint against B&S.  Ranco's motion was made within the deadline set by the Court for motions to amend the pleadings and/or to join parties. (*See* Scheduling Order of 7/10/2015 ¶¶ 3 & 4; Docket Entry No. 10).

Rule 14 governs third-party practice.  According to Rule 14(a)(1),

> "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving tis original answer."

9

Ranco is just now being given permission to intervene in this matter. It has yet to serve its original Answer. As a result, Ranco need not obtain the Court's permission to file its third-party claims against B&S. Instead, it can file its Third-Party Complaint as of right when it files its Answer.

Moreover, even if permission were needed, the Court would exercise its discretion to allow Ranco to file its proposed Third-Party Complaint against B&S. In determining whether to permit impleader under Rule 14(a), the Court considers the following factors: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." *Spencer v. Canon Equip. Co.*, Civil No. 07-2437 (JBS), 2009 WL 1883929, *2 (D.N.J. June 29, 2009) (quoting *Ronson v. Talesnick*, 33 F.Supp. 2d 347, 356 (D.N.J. 1999) (internal quotation marks and citation omitted)). The Court essentially considered those factors in determining that permissive intervention was appropriate in this case. For the same reasons, the Court shall permit Ranco to pursue its third-party claims against B&S.

### III. Conclusion

For the reasons stated above, Ranco's motion to intervene is GRANTED. An appropriate Order follows.

Dated: March 15, 2016

                                                 s/ Tonianne J. Bongiovanni
                                          **TONIANNE J. BONGIOVANNI**
                                          **UNITED STATES MAGISTRATE JUDGE**